## LIABILITY OF STREET RAILWAY COMPANY FOR COST OF PAVING.

Circuit Court of Summit County.

THE NORTHERN OHIO TRACTION & LIGHT COMPANY V. WILLIAM L. STEWART ET AL.

Decided, October 8, 1908.

*Street Railroad Franchise—Paving of Street.*

A street railroad company operating a single track on a street of a city, when said street was paved, paid for seven feet of the pavement as required by its franchises; nine years later the company laid another track in the street, replacing the pavement in good order; thereupon the city brought an action to recover from the street railroad company the cost of paving an additional seven feet, which the company would have been required to pay for if it had been operating two tracks at the time the pavement was first laid. *Held:* There could be no recovery for or on behalf of the city or of abutting property owners.

*Rogers, Rowley & Rockwell,* for plaintiff in error.

*Voris, Vaughan & Vaughan, C. M. Beery* and *N. M. Greenberger,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This is a proceeding in error brought to set aside the judgment of the court of common pleas. The suit was originally brought by William L. Stewart and the city of Akron for and on behalf of themselves and many others, the owners of real estate abutting on the north and south sides of West Market street in the city of Akron, between Canal street and the west line of the city. Later an amended petition was filed in which

Stewart was not joined, the city claiming to recover on behalf of itself and the other property owners named in the original petition. The relief sought was the recovery from the defendant of the expense which had been paid by the city and the property owners in the paving and improvement of West Market street between the points named, to the amount of seven feet in width of such pavement. The facts relied upon were that the city paved said street with brick in 1892. All of the expense of street crossings was paid by the city and one-fiftieth of all the other part of such pavement. The balance of the expense was paid by the abutting property owners, except that at the time of such improvement the predecessors of the defendant paid the expense of paving a strip seven feet wide along the entire length of the street, the predecessors of the defendant putting down a single track street railroad along the entire distance named and paying for the seven foot strip in accordance with the terms of the franchise under which it operated the line of street railway in Akron. In the year 1901, the defendant took up its single track before mentioned, which was laid along the middle line of the street. It removed the pavement so far as necessary to put in a double track, and then put in such double track, one on each side of the middle line of the street, and repaired the street so far as the same had been taken up, putting in the pavement all along where it had been taken up.

On the part of the plaintiff it is urged that the defendant should pay for the seven foot strip; that is, for an additional seven foot strip above that which it paid at the laying of the original pavement, because it is said it is clear that had the double track been laid at the time that the pavement was laid by the city, the company would have been required to pave fourteen feet instead of seven feet, that being the amount required to be paid by the company; that is seven feet for each track, and that therefore had the double track been laid at the time the city and property owners had to pay for the pavement, the property owners and the city would have been relieved of the expense of paving for said additional seven feet.

It is alleged in the petition that the company purposely laid but one track originally, intending to lay the additional track

as soon as the street should be paved and improved and paid for, thereby escaping the expense to which it would have been put had the double track been laid in the first place. It is not shown by the facts that this allegation is true. Nine years elapsed between the laying of the single track and the laying of the double track by the company. The company, by putting in the double track, was put to the expense of removing the first track, removing the pavement therefrom and putting in the pavement which had been removed. It would be a reflection upon the good sense as well as the integrity of those who put in the first track, to find that they did this for the purpose suggested of laying another track nine years later; that they would operate a street railroad with a single track where they ought to have a double one, for nine years, to relieve themselves from the expense of paving a strip seven feet wide. The allegation is not sustained. The franchise granted to the defendant's predecessor, referred to and made a part thereof, Section 437, subdivision 2, chapter 34, of the revised ordinances of the city of Akron, which reads, "Any individual or company to whom any such privilege shall be granted, upon any street or highway (that is, any privilege to lay street railroads), shall be required, when it is deemed necessary by the board of city commissioners, to pave or repair, to macadamize or remacadamize such street or highway, or to pave or repave, macadamize or remacadamize, the space between the rails of the tracks, turnouts and switches used by them, and one foot on the outside of such rails on both sides of said track, through any street or portion thereof through which such street railway may pass; and such paving or macadamizing so done shall be with the same kind and quality of material that shall be used by the city." From this it is clear that the city could have required of the defendant, or its predecessor, to pay for both tracks had both tracks been laid when the pavement was put down, but it would be an exceedingly strained construction to hold that the city could require the defendant to pay back to the city what had been paid for a pre-existing pavement by it.

Our attention is called to the case of the city of Akron against this present defendant, wherein a recovery was had for the

value of a part of a pavement which the city had put in prior to the laying of the second track, there having been only one track before. We do not regard that case as decisive of this. We find from the record that this court allowed judgment to stand for the value of a part of that street, a part of the distance only was allowed, and that was affirmed by the Supreme Court. What distinction there was between that part where the court allowed the judgment to stand, and that part of the street where it was not allowed to stand, we do not know. It may be that the court found that the conduct of the company was for the purpose of defrauding, or the express purpose as charged in this petition of getting the pavement laid and then thereafter laying the track, the time between the laying of the pavement and the first track, and the time when the second track was put in was about half the time that it was in this case.

Other questions were argued in this case as to the right of the city to maintain this action and the like, but as what has already been said disposes of the case we deem it unnecessary to discuss the other questions. The result here is that the judgment should be reversed, and the judgment that should have been entered in the court below will be here entered.